IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASHLEY ROBINSON, § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | | CIVIL ACTION NO. |
| § | | Jury Demanded |
| THE CITY OF LA MARQUE, § | | |
| A Municipality, § | | |
| TODD WEIDMAN, § | | |
| Individually, § | | |
| CHARLES JACKSON, § | | |
| Individually, § | | |
| Defendants. § | | |

**PLAINTIFF ASHLEY ROBINSON'S COMPLAINT
AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Ashley Robinson, hereinafter called Plaintiff, complaining of and about The City of La Marque ("The City"), The City of La Marque Fire Department ("The Department"), its agents and authorities, Chief Todd Weidman, and City Manager Charles Jackson, hereinafter called Defendants, and for cause of action shows unto the Court the following:

**INTRODUCTION**

1. This is an action for relief from Defendant's violations of Plaintiff's workplace rights. Defendant blatantly violated both federal and state discrimination laws, and then unlawfully retaliated against Plaintiff Ashley Robinson ("Plaintiff") for asserting her protected rights under these laws. Plaintiff was treated differently due to her race and gender compared to than other similarly situated co-workers, in violation of Title of VII of the Civil Rights Act of 1964.

2. Robinson is a Black female firefighter who was hired on or around April 25, 2016 as part of the City's Diversity Program Initiative. Robinson also served as Acting Engineer and for a

few months in 2019 she also served as a step-up Acting Captain in an interim capacity due to other shift and personnel changes.

3. As Acting Engineer, Robinson was responsible for operating the shift's "truck" or "engine" during a fire call, including preparing the necessary firefighting equipment. Robinson served in the acting role for close to one year. However, she was replaced by a Caucasian male who was promoted from firefighter after having served in the department for only a few months. On December 16, 2019, Robinson returned to her role as firefighter under the command of Captain Brennan Briggs.

4. Plaintiff is hard-working, reliable and dependable, otherwise she would not have been appointed to the positions she was in. Despite her effectiveness, Plaintiff was ultimately removed from the Acting Captain and Acting Engineer positions and was replaced by a less experienced firefighter who had only been with the department a few months.

5. Plaintiff complained shortly afterward to the Chief regarding this practice and action, however, she was subsequently unlawfully retaliated against when she was accused of intentionally falsifying her time. She further complained of additional discriminatory acts on July 25, 2019. The Defendant's rationale for punishing Plaintiff was clearly a pretext for unlawful discrimination and/or retaliation. Moreover, Defendant failed to thoroughly investigate her claims. Thus, Defendant unlawfully retaliated against Plaintiff for asserting her legally protected workplace rights, in violation of federal and state law.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. This Court also has supplemental jurisdiction to hear claims arising under Chapter 21 of the Texas Labor Code pursuant to 28 U.S.C. § 1367.

7. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Southern District of Texas because Plaintiff resides in this District, Defendant resides in and employed Plaintiff in this District, and the unlawful employment practices alleged herein giving rise to Plaintiff's claims occurred in this District.

## PARTIES AND SERVICE

8. Plaintiff ASHLEY ROBINSON is a Black, female citizen of the United States and the State of Texas and resides in Galveston County, Texas. She has worked with the La Marque Fire Department since 2016.

9. Defendant THE CITY OF LAMARQUE (THE LAMARQUE FIRE DEPARTMENT) is, on information and belief, a municipality located in Galveston County, Texas, south of Houston. The La Marque Fire Department (the "Department") is a department of the City and currently employs 32 employees, four (4) of whom are African-American, of which Robinson is the only Black female employee of the Department.

10. Defendant TODD WEIDMAN is a Caucasian, male citizen of the United States and the State of Texas and resides upon information and belief in Galveston County, Texas. He works with the La Marque Fire Department as its Chief.

11. Defendant CHARLES JACKSON is a Caucasian, male citizen of the United States and the State of Texas and resides upon information and belief in Galveston County, Texas. He works with the City of La Marque as its City Manager.

12. Pursuant to §17.024(a) of the Texas Civil Practice and Remedies Code, Defendant City of La Marque and the La Marque Fire Department may be served by serving its agent for service GORDON & REESE, 1900 W. Loop South, Suite 1000, Houston, Texas, 77027.

## NATURE OF THIS ACTION

13. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964 and

3

42 U.S.C. § 1981 to obtain relief for Plaintiff.

14.  This action is brought by Plaintiff to secure declaratory relief and damages to remedy Defendant's violations of federal employment laws by discriminating and retaliating against Plaintiff, and to secure declaratory, compensatory, and punitive damages to remedy Defendant's commission of unlawful retaliation for Plaintiff's assertion of her protected rights under federal and state employment laws.

## CONDITIONS PRECEDENT

15.  All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination and retaliation was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter. *See* Exhibit – (Plaintiff's EEOC Charge).

## FACTUAL ALLEGATIONS

16.  Ashley Robinson, Plaintiff, is a Black female who was, at all times relevant to this cause, employed with the La Marque Fire Department commencing in April 2016.

17.  The City of La Marque is a municipality located in Galveston County, Texas and covered under federal and state laws prohibiting employment discrimination and retaliation. The La Marque Fire Department is a department within the City of La Marque.

18.  Todd Weidman, Defendant, is a Caucasian male who was, at all times relevant o this cause, employed with the La Marque Fire Department.

19.  Charles Jackson, Defendant, is a Caucasian male who was, at all times relevant to this cause, employed with the City of La Marque.

20.  At the commencement of her employ in 2016, Ashley Robinson was a firefighter with the Fire Department.

21. Within a three (3) year span, Ms. Robinson due to her performance was promoted to an Acting Engineer position with the Fire Department. As Acting Engineer, Ms. Robinson was responsible for operating the shift's "truck" or "engine" during a fire incident, including tasks such as preparing the necessary firefighting equipment, connecting the hoses to the appropriate out/inlet, and managing the water pressure during operating. The Engineer position is considered the second in command position at a station behind the Captain.

22. She remained in the position until December 2019 and as the interim served as Step-up Captain for a few months until the City promoted Brennan Briggs, a Caucasian male, who came from another local fire department. As Step-up Captain, Robinson stepped up from the Engineer role while the position was empty. However, she was denied the permanent position after initially being told by Chief Weidman that she would get the permanent position. As Captain she was in charge of the overall day-to-day supervisory operations of the local station. It is considered the top position in a station.

23. On or around November 21, 2019, both Acting Engineer positions held by Robinson and James Matthews, who is a Black male, opened up for formal appointment. Robinson did not agree with this because she had been told that she would receive the position. Robinson in turn complained the Captain William Reed regarding the issue. Captain Reed forwarded Robinson's complaint to Chief Weidman who claimed that the position was never promised to Robinson. Despite her disappointed, Robinson submitted a letter of interest and requested to be formally appointed as Engineer. David Nowetner, a Caucasian male who had been hired earlier in 2019 as a firefighter, also submitted a letter of interest.

24. In Robinson's complaint of November 2019, she asserted her frustration with seemingly being passed up for permanent promotion. It seemed that she was good enough to fill

in as a temporary step-up but never as a permanent in the Engineer or Captain positions. She believed that it was intentionally done because she was Black and a female.

25. On November 26, 2019, the Chief of the Department who is a white male, formally appointed Matthews (Black male) and Nowetner (Caucasian male) to fill the Engineer positions. On December 16, 2019, Robinson was demoted back to firefighter under the command of Captain Brennan Briggs who had just been hired on as a firefighter earlier in the year.

26. At the time of the appointments, Robinson had her Basic Structure Firefighter ("BSF"), EMT-A[1] certifications, is a telecommunicator operator, a peace office, and has close to four (4) years of experience with the Department. She was also in the process of getting her Driver/Operator – Pumper certifications. James Matthews, at the time was a senior officer with the Department, held a BSF certification and was EMT-P certified, the highest level of EMT certification. David Nowetner had his BSF and Driver/Operator – Pumper certifications, but only an EMT-B certification, and Nowetner had only three (3) months of experience with the Department.

27. A month after complaining about not being guaranteed the promised Engineer position, and just a few weeks after being passed over for the position for a lesser qualified less experienced candidate, Robinson was accused of and disciplined for excessive absenteeism, falsification of city records, fraud, and receiving compensation for hours not worked. During this time period, the Department failed to investigate Plaintiff's discrimination claims related to the Defendants' failure to promote her.

28. Robinson did not intentionally falsify her time records and what occurred was a mishap that several other firefighters also made. Robinson filed a grievance based on the discipline she

---

[1] EMT certifications range from EMT-B (Basic) to EMT-A (Advanced) and finally to EMT-P (Paramedic).

received and argued that the progressive disciplinary action was not followed as she was immediately given a written reprimand. She believed that the implication of intentional fraud and theft was excessive and unsubstantiated during the grievance process.

29. The Fire Chief made the decision that he could not and would not modify his charges against Robinson. She appealed his decision to the city manager, which was a past practice in disputed disciplinary actions. Her claim was that other similarly situated employees who had committed the same mistake were initially given written warnings.

30. In 2019, the Department discontinued sponsoring the peace officer ("TCOLE") licenses for Robinson and another Black male employee. The Department claimed that it made this decision after determining that, by sponsoring these licenses, it had been assuming the cost, liability and training obligations relating to the licenses. However, The Department decided to continue sponsoring the TCOLE license for its Fire Marshal, who is a Caucasian male, allegedly because that position, unlike any position held by Robinson, includes law enforcement responsibilities, although Robinson is also a peace officer.

31. Robinson appealed her two reprimands to the City Manager Charles Jackson, per City policy, and also complained about the Department's decision not to sponsor her TCOLE license. A Grievance Meeting was held on January 14, 2020. During this meeting, Robinson stated that she had made a "mistake" in managing and tracking her available leave because of the difficulty of the new system which had just been implemented. City Manager Jackson indicated to Robinson that she should come to him with any workplace concerns that she had and commented to the effect of "the next time you feel you have a problem, you need to come talk to me or your Chief, don't make me bust you in the head to get that through to you." The City in its EEOC Position Statement characterized the comment as a colloquial joke. However, Robinson did not perceive the matter to

7

be a joke given that it came from the city manager and she was intimidated by the comment given his position in the meeting and with the City. The comment at the meeting caused her emotional distress and gastro-intestinal problems that required her to be taken off duty. The statement was not colloquial in any way and was intimidating and unprofessional at best and threatening at its worst.

32. At this meeting, Robinson also requested to have her reprimands dealing with the time-card issue removed. City Manager Jackson indicated to Robinson that her reprimands might be potentially removed if she accrued sufficient holiday and/or vacation hours prior to the end of the 2020 fiscal year to equalize and offset all overages that currently exist, corrected the patterns that led to her overuse of holiday and vacation leave, and provided a public statement at the February 2020 City Council Meeting stating that she was not discriminated against within the La Marque Fire Department. ***See Final Decision Letter of January 21, 2020, Labeled as Exhibit 1.***

33. This coercive offer is memorialized in a letter dated January 21, 2020 from City Manager Charles Jackson to Ashley Robinson and cc'd to Chief Weidman, Captain Brennan, and HR. Plaintiff, however, refused to say she had not been discriminated against and after the meeting the City upheld the reprimands.

34. On February 10, 2020, a La Marque citizen, Geraldine Sams, appeared before the City Council at an open meeting on behalf of Robinson and alleged that Robinson had been the victim of intimidation, discrimination and retaliation. This is the same meeting that City Manager Jackson had attempted to coerce Robinson to denounce her discrimination allegations against the City pursuant to the January 21st letter. Robinson also spoke to this issue at the Council meeting and claimed in her speech that she was "told that [she] must speak before [the Council] to deny the discrimination claims of discrimination in order to lessen the punishment [she] was given."

35. Ms. Robinson is back in a firefighter position and has suffered gravely from the various events of discrimination and retaliation. She has suffered economic loss due to the discrimination and extreme mental and emotional damages caused by Defendants. She now brings this cause as a result of the unfair employment treatment, practices, and retaliation which are in direct contravention to applicable federal law.

## RACE AND GENDER DISCRIMINATION BASED TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

(Plaintiff hereby incorporates the above, including the factual allegations contained therein, to this portion of her Complaint by reference)

36. Defendant, City of La Marque, by and through its agents and authorities, intentionally engaged in unlawful employment practices and discriminated against Ashley Robinson on numerous occasions by improperly reprimanding her, passing her over for promotion she qualified for, and otherwise disciplining her for matters other similarly situated Caucasian employees were not reprimanded for because of her race and gender in violation of Title VII of the Civil Rights Act of 1964.

37. Plaintiff alleges that Defendant discriminated against her on the basis of race and gender with malice or with reckless indifference to Plaintiff.

38. Defendant, City of La Marque, through its agents and authorities, intentionally engaged in unlawful employment practices and discrimination against Ms. Robinson in failing to promote her to the permanent Engineer position after she served in it as acting for almost an entire year. Defendant chose to put a less qualified, less experienced Caucasian male in the position who had just started on the force only a few months before being promoted. Robinson had her Basic Structure Firefighter ("BSF"), EMT-A[2] certifications, is a peace officer, a telecommunicator

---

[2] EMT certifications range from EMT-B (Basic) to EMT-A (Advanced) and finally to EMT-P (Paramedic).

operator, a TFCP certified firefighter for four (4) years, and close to three (3) years of experience with the Department. She was also in the process of getting her Driver/Operator – Pumper certifications. On the other hand, David Nowetner, the Caucasian male promoted to the Engineer position, held only an EMT-B certification and a BSF. He did have a Driver/Operator – Pumper certification at the time but he had only been TFCP certified for less than a year and had only a few months of experience on the Department compared to Robinson's three years.

39. Plaintiff alleges that Defendant, City of La Marque, by and through its agents and authorities, discriminated against her on the basis of her gender in failing to promote her over a less qualified, less experienced Caucasian male firefighter. In fact, Plaintiff was the only Black female on the Department at the time.

40. Further, Plaintiff alleges that Defendant, City of La Marque, by and through its agents and authorities, discriminated against her in reprimanding her in writing for a mistake in entering her time. Robinson's discipline of a written reprimand was excessive and characterized negatively to imply that she had committed fraud which was far from the truth. The time system was new and other firefighters made similar time entry mistakes and were only given verbal warnings. Robinson was given a more excessive discipline than similarly situated employees who were Caucasian because of her race and gender.

41. Moreover, Plaintiff alleges that Defendant, City of La Marque, by and through its agents and authorities, discriminated against Plaintiff in coercing, intimidating, and otherwise threatening her to denounce her discrimination claim against the City. The City Manager first threatened that he "will bust her in her head" for failing to come talk with him about the discrimination allegations dealing with the reprimand issue of late December 2019. Then writes her a letter stating that if she retracts the discrimination complaint, then the written reprimand can

be removed. This threatening and intimidating behavior amounted to discrimination of Plaintiff because of her race and gender in violation of Title VII.

42. Plaintiff alleges that Defendant discriminated against her in that (1) Plaintiff is a member of a protected class in regards to race and gender (Black, female); (2) Plaintiff suffered adverse employment decisions during her employment (*e.g.*, she was unfairly reprimanded, not promoted, and subjected to a harassing work environment); and (3) the circumstances as stated in the above-mentioned facts show that Plaintiff suffered such adverse employment decisions and/or harassment because of her protected characteristics. Moreover, the above-mentioned facts show that Defendant's purported non-discriminatory reasons for its actions are a mere pretext for discrimination.

**RACE DISCRIMINATION BASED ON 42 U.S.C. § 1981**

(Plaintiff hereby incorporates the above, including the factual allegations contained therein, to this portion of her Complaint by reference)

43. Section 1981 addresses racial discrimination in contractual relationships and provides:

> (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . .
>
> (b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> (c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981(a)-(c).

44. In order to state a discrimination claim under Section 1981, the plaintiff must sufficiently allege the following: (1) he is a racial minority; (2) the defendant possessed an intent to discriminate on the basis of race; and (3) the discrimination "concerned one or more of the

activities enumerated in the statute (i.e., the making and enforcing of a contract)." *Morris v. Office Max*, 89 F.3d 411, 413 (7th Cir. 1996); see also 42 U.S.C. § 1981(a)-(c).

45. Plaintiff (1) is Black; (2) the defendants, City of La Marque, Chief Todd Weidman, and City Manager Charles Jackson at some points in time during her employment possessed an intent to discriminate against Plaintiff on the basis of race; and (3) the discrimination "concerned one or more of the activities enumerated in the statute. In this case in the making and enforcing of the Plaintiff's contract.

46. The City through its agent and authority – Chief Todd Weidman – discriminated against Plaintiff in continuously skipping over her for promotion because of her race. Defendant did promote a Black firefighter, James Matthews, to Engineer in December 2019 but only after Plaintiff had complained in July 2019 about her failure to get promoted to an Engineer position. Plaintiff was consistently passed over for promotion because she is Black in violation of 42 U.S.C. § 1981.

47. Further, the City and Chief Weidman discriminated against Plaintiff in reprimanding her in writing for a mistake in entering her time. Robinson's discipline of a written reprimand was excessive and characterized negatively to imply that she had committed fraud which was far from the truth. The time system was new and other firefighters made similar time entry mistakes and were only given verbal warnings. Robinson was given a more excessive discipline than similarly situated employees who were Caucasian because she is Black.

48. The City through its agent and authority – City Manager Charles Jackson – discriminated against Plaintiff in coercing, intimidating, and otherwise threatening her to denounce her discrimination claim against the City because she is Black. The City Manager first threatened that he "will bust her in her head" for failing to come talk with him about the discrimination

allegations dealing with the reprimand issue. Then writes her a letter stating that if she denounces the discrimination the written reprimand can be removed. But for Plaintiff being Black the City Manager would not have taken these actions to coerce and intimidate Robinson in the performance of her contract, a clear violation of 42 U.S.C. § 1981.

## DISCRIMINATION BASED ON 42 U.S.C. § 2000e

(Plaintiff hereby incorporates the above, including the factual allegations contained therein, to this portion of her Complaint by reference)

49. Defendant, The City of La Marque, through its agents and authorities, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's race and gender in violation of 42 U.S.C. Section 2000e (2)(a).

50. Defendant, The City of La Marque, through its agents and authorities, classified Plaintiff in a manner that deprived her of an equal employment opportunity that was provided to employees similarly situated in violation of 42 U.S.C. Section 2000e (2)(a).

## RETALIATION

(Plaintiff hereby incorporates the above, including the factual allegations contained therein, to this portion of her Complaint by reference)

51. On or about July 2019, Plaintiff complained to Chief Weidman about being passed over for promotion by less experienced individuals such as Nowetner because of her race and gender. The Defendants failed to investigate Plaintiff's complaint. A few months after complaining about the failure to promote her, Robinson was disciplined for alleged excessive absenteeism, falsification of city records, fraud, and receiving compensation for hours not worked. Robinson did not intentionally falsify her time records and what occurred was a mishap that several other

firefighters also made because of the difficulty of the system. Never has any employee been reprimanded for time-card mistakes in the past. Select offenders were not disciplined, or disciplined less severely than Robinson, even though they appeared to be in violation of the same policy. Robinson filed a grievance based on the discipline she received and argued that the progressive disciplinary action was not followed and that the implication of intentional fraud and theft was excessive and unsubstantiated during the grievance process.

52. Firefighters were required to manually enter their time for the first time only months prior to Robinson's disciplinary action with no formal training on the STW system and for the periods in question. At least three or four other administrators complained about not understanding the system as well. Plaintiff followed instructions from her superior, Captain Brennan Briggs, and coded the time as she was trained. There was no intentional falsification of her time.

53. Defendant's discipline and reprimand of Plaintiff constituted a retaliatory action, undertaken in direct response to Plaintiff's assertion of workplace rights protected by Title VII of the Civil Rights Act of 1964.

54. Further, Defendants use of coercion through intimidating statements by City Manager Jackson and the letter coercing her to forego her discrimination claims before the City Council in February 2020 were also acts of retaliation against Plaintiff. The actions were being taken to intimidate Plaintiff from moving forward with her protected right to complaint.

55. Title VII of the Civil Rights Act of 1964 prohibits an employer from retaliating against an employee who has "made a charge, testified, assisted or participated in" any charge of unlawful discrimination under the Act. (42 U.S.C. Sec. 2000e-3(a)).

56. A plaintiff successfully establishes a prima facie case of retaliation if he demonstrates that (1) he engaged in statutorily protected activity; (2) he suffered an adverse employment action;

14

and (3) a causal link exists between the protected activity and the adverse employment action. *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013). At the prima facie stage, "a plaintiff can meet his burden of causation simply by showing close enough timing between his protected activity and his adverse employment action." *Garcia v. Prof'l Contract Servs., Inc.*, 938 F.3d 236, 243 (5th Cir. 2019). [T]he combination of suspicious timing with other significant evidence of pretext, can be sufficient to survive summary judgment. *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 393, 409 (5th Cir. 1999).

57. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff suffered a loss of earnings, job benefits, and has suffered and continues to suffer emotional distress, anguish and damages; and she has incurred and continues to incur expenses.

58. Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intent to injure Plaintiff. Defendant acted with an improper motive amounting to malice and a conscious disregard for Plaintiff's rights. The acts taken towards the Plaintiff were carried out by Defendant acting in a deliberate, callous and intentional manner with a desire to injure and damage.

59. Pursuant to Title VII of the Civil Rights Act of 1964, Plaintiff is entitled to legal and equitable relief including compensatory and punitive damages, as well as reasonable attorney's fees and costs.

60. Federal statute, 42 U.S.C. Sec. 1981 also prohibits retaliation under the facts listed in this complaint.

**DAMAGES**

(Plaintiff hereby incorporates the above, including the factual allegations contained therein, to this portion of her petition by reference)

59. As a direct and proximate cause of the unlawful employment practices of The City of La Marque, Chief Todd Weidman, and City Manager Charles Jackson, by and through its agents and authorities, Ashley Robinson sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a.  Costs and associated necessary expenses to lodge complaint(s) or other charge against The City;

    b.  All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

    c.  Back pay from the date that Plaintiff was denied promotion and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

    d.  All reasonable and necessary costs incurred in pursuit of this suit;

    e.  Expert fees as the Court deems appropriate;

    f.  Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

    g.  Inconvenience;

    h.  Prejudgment interest;

    i.  Loss of earnings in the past;

    j.  Loss of earning capacity which will, in all probability, be incurred in the future; and

    k.  Loss of benefits.

## EXEMPLARY DAMAGES

(Plaintiff hereby incorporates the above, including the factual allegations contained therein, to this portion of her petition by reference)

60. Plaintiff would further show that the acts and omissions of Defendant City of La Marque, through its agents and authorities as complained of herein, were committed with malice or reckless indifference to her protected rights. In order to punish said Defendant for engaging in

unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## SPECIFIC RELIEF

(Plaintiff hereby incorporates the above, including the factual allegations contained therein, to this portion of her petition by reference)

61. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant City of La Marque, through its agents and authorities described hereinabove, Defendant Todd Weidmer, individually, and Defendant Charles Jackson, individually:

a. Prohibit by injunction the Defendant from engaging in unlawful employment practices;

b. Remove all negative written reprimands or otherwise documented demerits from Plaintiff's personnel file.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Ashley Robinson, respectfully prays that Defendants City of La Marque, Todd Weidmer, individually, and Charles Jackson, individually, as a result of the unlawful employment practices of its agents and authorities, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which Plaintiff may be entitled to at law and/or in equity.

Respectfully submitted,

_____
Charles J. Koen
*Attorney for Plaintiff*
Ms. Ashley Robinson

**PLAINTIFF HEREBY CONTINUES DEMAND FOR TRIAL BY JURY**

**CERTIFICATE OF SERVICE**

I hereby certify that on or about this May 10, 2021 I electronically filed the foregoing document, PLAINTIFF ASHLEY ROBINSON'S COMPLAINT AND JURY DEMAND, with the Clerk of the Court for the United States District Court for the Southern District of Texas, Houston Division, using the Electronic Case Filing (E.C.F.) system of the Court. The E.C.F. system sent a "Notice of Electronic Filing" to all listed Counsel who have consented, in writing, to accept this notice as service of this document by electronic means.

_Charles J. Koen_
Charles J. Koen